IN THE MATTER OF THE COMMONWEALTH FIRE INSURANCE COMPANY.

*Receiver — when charged with interest upon trust funds used in his own business — orders directing the payment of counsel fees — when they may be assailed upon an accounting by the receiver — how far the amount of his commissions will be regulated by his management of the trust funds.*

Where, upon the accounting by the receiver of an insolvent insurance company, it appears that he has deposited a portion of the trust funds in his own private bank account, the contestants may prove what amounts he has from time to time drawn out upon his individual checks for his own purposes, in order that he may be charged with interest upon any of the trust funds so used.

Upon the accounting of a receiver objection was made to the allowance of three claims, of $5,000 each, paid by the receiver to his counsel, who was also his partner, in pursuance of orders of the Special Term. The first order was obtained upon the petition of the receiver, the motion being made by the counsel. The other two were obtained upon the motion of the counsel and upon petitions made and verified by him.

*Held,* that as no appeal had been taken from the first order it could not be questioned upon the accounting.

That the other two orders could, under the circumstances of the case, be collaterally assailed, and that it rested upon the receiver to establish by other satisfactory evidence that the payments made thereunder were justified by the services actually rendered to him by the counsel.

In determining the amount of the commissions to be allowed to a receiver, the manner in which he has managed the trust funds is to be considered.

APPEAL from an order made at a Special Term confirming the report of a referee appointed to take and state the final accounts of a receiver.

*J. McDonald*, for John H. Waydell and others, stockholders, appellants.

*Henry E. Tremain*, for the receiver, respondent.

DAVIS, P. J.:

On the hearing before the referee in this case it was shown by the receiver himself that he had kept his accounts as receiver in several banks in which he had also kept his private or personal accounts; and it appeared also that the funds of the receivership had to some considerable extent been credited in his private accounts against.

which he had from time to time drawn his individual checks.   The books in which these deposit accounts had been kept were offered in evidence on the part of the appellants for the purpose of ascertaining what amount of the funds of the trust estate had been deposited to his private credit, and what amount, if any, he had from time to time drawn upon his individual checks, and what amount, if any, had been drawn from time to time also from the amounts deposited by him as receiver, and used by him for his individual business or purposes.   The referee excluded this evidence, holding in effect that the receiver could not be charged with interest pending the business of the receivership and "prior to his last payment" upon any of the funds that came into his hands, whether deposited to his private account or not, or used by him for his private purposes.   In this the referee was in error.   It is well settled in this State and in England by numerous authorities that all classes of trustees having money belonging to trust estates in their hands are bound to keep the trust funds separate and distinct from moneys of their own ; and if deposited in bank for safe keeping, the money should be deposited to the credit of a separate account in their own names as trustees, so that the funds can be at all times traced and identified; and if this be not done and the court can see that by thus mingling the trust funds with their own, the trustees have derived any benefit from their use, they are chargeable with interest, either simple or compound, as the facts developed may require. (*Manning* v. *Manning*, 1 Johns. Ch., 527; *Ratcliffe* v. *Graves*, 1 Vernon, 196 ; *Newton* v. *Bennet*, 1 Bro., 359 ; *Piety* v. *Stace*, 4 Ves., 620 ; *Schieffelin* v. *Stewart*, 1 Johns. Ch., 618 ; *Minuse* v. *Cox*, 5 id., 447 ; *Mumford* v. *Murray*, 6 id., 17 ; *Kellett* v. *Rathbun*, 4 Paige, 110 ; *Ogilvie* v. *Ogilvie*, 1 Bradf., 356 ; *Duffy* v. *Duncan*, 32 Barb., 593 ; S. C., 35 N. Y., 191 ; *Lansing* v. *Lansing*, 45 Barb., 182.)

In *Duffy* v. *Duncan*, the Court of Appeals after stating the fact that the greater portion of the funds had been kept by one of the defendants mingled with his private funds on deposit at bank, and that another portion remained in the hands of the other defendant, and was used by him, held that this manner of keeping the fund rendered them liable to be charged with interest, according to the precedent of the late Court of Chancery, although they made none.

The appellant in this case therefore had a clear right, as we think, to show, not only the fact that the trust funds had been deposited by the receiver in bank to his own credit, but to follow that up, so far as practicable, by showing that they had been drawn out, from time to time, upon his individual check, and the uses to which they have been put when drawn. The bank-books produced by the receiver were competent and proper evidence bearing upon these questions. They would doubtless have shown what sums were deposited and drawn, from time to time, and the condition of the account at various stages, and would have afforded at least *prima facie* evidence sufficient to have charged the receiver with interest on the moneys so drawn, and to have thrown upon him the burden of showing that when drawn, they were in fact used for the purposes of the trust. We think the referee erred, therefore, in excluding the evidence bearing upon this question, and that the court below, for that reason and to that extent, erred in confirming the report.

Upon three separate orders of the Special Term the receiver paid to Mr. Edelstein, as attorney and counsel, who was also the law partner of the receiver, three sums of $5,000 each. The first of these orders was obtained upon the petition of the receiver, Mr. Edelstein, the attorney and counsel, appearing and making the motion at Special Term. The last two orders were obtained upon the petition of the attorney himself. He verified the petitions and moved thereon, as attorney and counsel for the receiver, that the receiver be directed to pay him upon each of such applications the sum of $5,000. These orders were made at Special Term and entered in due form, and show the facts just stated upon their face. Under them the receiver paid to Mr. Edelstein the sum of $15,000. On the hearing before the referee the appellant proposed to surcharge these payments and show by testimony that they were excessive and ought not to have been made. The referee held that the orders were conclusive upon him, and that the receiver was justified in paying the money under such orders and excluded all inquiry in relation to the propriety of the payment.

Nothing is clearer than that these orders ought not to have been made, except the fact that they ought to have been reversed on appeal. They were in every sense *ex parte* without the slightest investigation as to their propriety, granted upon the statement of the counsel

who asked for the money and who also appeared as counsel for the receiver in making the motion, and without any inquiry as to the sufficiency or propriety of the services rendered. No appeal was taken from them and no motion has been made to open or vacate either of the orders. In respect of the first of these orders, which was made upon the petition of the receiver himself and on the motion of his counsel, we are inclined to think that the disposition of the receiver is correct, for it cannot be said that an order thus made is an absolute nullity, however irregular or improvident it may have been. But the other two we think may be, and should have been, treated as nullities. The attorney, who was the partner of the receiver, made the application for them upon his own petition verified by himself without any appearance or notice to any person but himself; and we think an order made and entered under such circumstances may be assailed collaterally by any person sought to be affected by it. The appellants in this case had no notice of the application for such an order; neither did the receiver, so far as to bind any person whom he can be said to represent, and under the peculiar circumstances we feel it our duty to hold that the orders should not have been received in evidence to establish any right to the moneys directed to be paid by them. It therefore devolved upon the receiver to establish that the payments he had made to the attorney were justified by the services rendered, and the appellants were at liberty upon that question to be heard and to offer such evidence as they deemed proper for the purpose of assailing the correctness of the payments made to the attorney.

The only other point that we think proper to be considered is that of the allowance for commissions to the receiver. The referee has allowed five per cent upon the total amount of moneys that came into the receiver's hands. Whether this allowance should have been made must depend to some extent upon the developments that may be disclosed in respect to the use of money by the receiver. It may appear on the further hearing on that subject that the allowance should be far less than has been granted, for in some cases of gross abuse (prior to the act of 1883), the court would be justified in granting no commissions upon funds improperly used while charging a receiver with interest thereon. This question can, therefore, be reserved until the coming in of the additional

report bearing upon the question first above considered, and for that reason we do not pass definitely upon it now.

The order confirming the report should be so far modified as to deny confirmation so far as respects the question of the use of the moneys deposited in the several banks by the receiver, and the question of his liability for interest thereon and the sums paid under the last two orders; and for the purpose of that inquiry a new reference to a referee, to be named in the order, should be ordered to take proofs in relation to the manner of the deposits in the several banks, the use of the moneys, the extent to which the same have been used for any purposes outside of the trust, and the question whether interest should be chargeable thereon, and if so to what amount, and respecting the money paid under said orders.

Brady and Daniels, JJ., concurred.

Order modified as directed in opinion.